Per Curiam.
Green attempts to prosecute an appeal in this case, and, having filed his transcript of record and taken the usual steps for its prosecution, except to comply with the rules with reference to the filing of abstracts and briefs, asserts a right to be heard on the appeal as to the errors which he alleges inhere in the record. The appellee moves to dismiss. In the argument of this particular motion counsel for the appellant asked the court, under the provisions of section 388a, as found in Mills’ Annotated Code, page 685, in case the appeal should be dismissed, to file it on error according to the provisions of that statute. It is this request alone which either necessitates or renders expedient a suggestion of the reasons which influence the court both to dismiss the appeal and to decline to file the case on error. A brief statement of the situation as it is disclosed by the record is essential to this determination. The particular cause of action or the sufficiency or character of the alleged counterclaim are wholly unimportant. The appellee, Hughes, brought suit in the district court of Pitkin county against Green to recover moneys alleged to be due him under some agreements with Green, and prayed for the relief which was appropriate to the cause of action as he stated it. Green answered by way of denial, and then set up what is designated in the pleading as a “ counterclaim,” based substantially on the same facts which were set up by way of defense and denial, and prayed relief which he claimed was appropriate to the counterclaim as he stated it. We do not propose in this opinion to discuss the character of this counterclaim or its sufficiency. After the answer and counterclaim had been filed, the plaintiff by leave of court filed an amended complaint. Green demurred, and a subsequent amendment to the last complaint filed was put in in response to some of the suggestions of the demurrer’, which had been sustained by the court, with leave to the plaintiff to elect or to amend. While the case stood in this situation, and after the exercise of the right which the court gave the plaintiff to amend his pleading and the cause was pending, the plaintiff applied to the court to dismiss the ac *63 tion, and the court entered this order: “It is ordered by the court that this cause be and the same is hereby dismissed at the costs of the plaintiff and without prejudice to the rights of said plaintiff.” No other motion, no other action, no other order, and no other judgment, according to the record, was entered by the court at that or at any subsequent time, save one, which will be hereafter referred to. It will be observed that if this order is to be taken as a judgment, which it is not in form, the present appellant took no exception, nor did he interpose any objection in such form as to present any question to the court. Whether any other form of judgment entry permitting the defendant to go hence without day as is usual in such cases was entered we are unadvised. None appears in the record. Afterwards the appellant came into court with a motion to set aside this order and to reinstate the cause because of the filing of his cross complaint, which naturally went with the-dismissal of the action. This matter came up for argument, was taken under advisement and subsequently overruled. According to the entry as it appears in the record, “the court being now sufficiently advised in the premises doth overrule said motion, to which ruling of the court the defendants by their counsel then and there duly excepted and prayed an appeal to the court of appeals, which was allowed, etc.” This is the only exception noted in the record, and the only order or entry which is complained of and from which an appeal was prayed. Manifestly an appeal does not lie to this or any other court from an order overruling a motion unless it take the form and can be said to be a final judgment in an action. Such was not the character or nature of this order. If there is anything in the nature of a judgment in the record, it is the one first made, wherein and whereby the plaintiff dismissed his action. To this the appellant did not object nor reserve an exception. We are clearly of the opinion that the record as filed in this court discloses no entry of a final judgment, and certainly no entry of a final judgment which was objected to and concerning which the present appellant is entitled to complain.
*64 Under these circumstances, and for the reasons expressed, the motion to dismiss the appeal must be granted, and the application to this court to file the cause on error must be denied.

Dismissed.